This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                               **NO. 32,938 consolidated with**
                                                                 **NO. 33,012**

**SALVADOR GALLEGOS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana Zamora, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}     Salvador Gallegos (Defendant) appeals the district court's on-record affirmance of his metropolitan court conviction for aggravated driving while intoxicated. In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Defendant has filed a memorandum in opposition, which we have duly considered. As we do not find it persuasive, we affirm.

{2}     Defendant contends that there was insufficient evidence that he was impaired to the slightest degree by alcohol or that he refused to submit to a breath alcohol test. [DS 18] In this Court's notice of proposed summary disposition, we proposed to hold that there was sufficient evidence of impairment based on testimony that Defendant came to a stop at an intersection despite the fact that there was no stop sign or any other apparent reason for him to stop. His speech was slurred. He had bloodshot and watery eyes, smelled of alcohol, and admitted to drinking a couple of beers. He exhibited clues of intoxication during two field sobriety tests, and he refused to take a breath alcohol test, providing evidence of consciousness of guilt. *See State v. Neal*, 2008-NMCA-008, ¶¶ 4-5, 29, 143 N.M. 341, 176 P.3d 330 (holding that there was sufficient evidence to support a DWI conviction where the defendant smelled of alcohol, had bloodshot and watery eyes, admitted to drinking earlier, committed a traffic violation, showed signs of intoxication during the field sobriety tests, and refused to take a breath alcohol test, from which the district court could properly infer

2

a consciousness of guilt). We proposed to hold that there was sufficient evidence of Defendant's refusal to take the breath test based on the officer's testimony that Defendant did not ever consent to testing or seek to rescind his initial refusal. We stated that, although Defendant testified that after his initial refusal he changed his mind and asked that he be allowed to take the test where the evidence was conflicting, we defer to the metropolitan court as the finder of fact. *See State v. Vigil*, 1975-NMSC-013, ¶ 16, 87 N.M. 345, 533 P.2d 578 (holding that it is for the factfinder to determine the credibility of the witnesses and the weight to be given to their testimony and that the factfinder may reject a defendant's version of an incident).

{3}     In Defendant's memorandum in opposition, he continues to make the same arguments raised in his statement of the issues before the district court and in his docketing statement. For the most part, these arguments are based on Defendant's assertion that this Court should reweigh the evidence on appeal, which this Court will not do. *See State v. Sutphin*, 1988-NMSC-031, ¶ 23, 107 N.M. 126, 753 P .2d 1314 (stating that an appellate court "may neither reweigh the evidence nor substitute its judgment for that of the [factfinder]"). "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Defendant's memorandum provides no facts or

authority that this Court has not already considered or that persuade this Court that its proposed summary disposition should not be made.

{4}     Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**M. MONICA ZAMORA, Judge**